Mr. Justice Nott
delivered the opinion of the court.
In considering this case, I deem it unnecessary to notice the statutes 13th and 27th of Elizabeth, on the subject of fraudulent conveyances. I believe if those statutes, together with all that has been said, and all that has been written upon them were blotted from our law books, the l.oss would hardly be felt. They may indeed have embodied and given precision to certain principles of the common law, which it would have taken a longer time to have effected by the decisions of courts. But they contain nothing more than those plain principles of common honesty ■which have long since been recognized as forming a constituent part of the common law bn the same subjects.— That a voluntary deed, the tendency of which is to defeat the rights of existing creditors, should be considered fraudulent and void, there can be no doubt. And that one, the object of which is to defraud subsequent creditors, maybe considered equally so, I believe, is equally unquestionable. But to declare a deed, embracing lands and negroes void, merely because the party making it happened to owe a few inconsiderable debts, not exceeding fifty7 dollars, and which have been paid since, would be an entire misappl'-- *230 cation of the rule. . In any view, however, this defend an £ is not entitled to the benefit of the principle, because he is not a creditor. He has indeed paid his money ; but he has received the property as an equivalent. And until it is taken from him, the relation of debtor and creditor can? not subsist between the parties.
If the claim of the plaintiff bad depended altogether on the bill of sale from the sheriff, the, circumstance of his having permitted it to remain in the .possession of Norris for such a number of years, would undoubtedly have been such an evidence of fraud as would have defeated it. But when we view him in the character of trustee, and consider him as purchasing in that capacity for the purpose of preserving the trust confided to him, it gives a' different complexion to the transaction. The possession of the husband was the possession of the wife and children, and the possession and use of it for their benefit was consistent with the object and provisions of the deed.
The last I think is the most substantial ground of de-fence on which the defendant ha's relied, and even that cannot avail him on this occasion. Admitting that a 'bona fide purchaser from a trustee not having notice of the trust would be protected, the1 present defendant would derive no support from the admission, for he did not purchase from the trustee. It is contended, however, that the declaration of the trustee that he had no right went to establish the sale which Norris had made. But when we come to analyze that testimony, it is too unsatisfactory to be entitled to confidence. According to the witness, he at first said he had a claim to the property, the next moment he said he had none, and the first step he took afterwards was to bring an action to recover the value of it. The on- • ly method by which these seeming inconsistances can be reconciled is, (if he made any such declaration) to suppose he .said what was true, that he had no personal interest in the property. The court would not readily give such 9 construction to the testimony as would make the trustee guilty of a palpable fraud, without any-apparent interest, *231 and which would go to defeat the interest of the cestui que trust. But suppose the testimony to be literally true, the false affirmation was made after the bargain was concluded, and therefore could have had no influence upon it. Ii is said that if the defendant had'then been correctly informed, he might have got his money back. But that is a mere speculative opinion which the court cannot regard..— He might however have avoided the difficulty had he made the inquiry before hand. He .was apprised of the plaintiff’s claim ; he nevertheless chose to purchase first, and set about the inquiry afterwards. I think the effect of the notice which was given him previous to the purchase, was not sufficiently impressed upon the minds of the jury. Where ar act of the legislature declares an unrecorded deed absolutely void, the court will not give it effect against a subsequent deed, unless the purchaser has actual and explicit notice. (Tart & Crawford, during this Term.) But there is no act declaring unrecorded, deeds of this description void.
Wities, for the motion.
De Saussure, contra.
Such notice, therefore, as would enable him, with ordinary diligence to ascertain the fact, and particularly when it was so completely within his reach, ought to be deemed sufficient. In addition to the notice given him by the witness, the deed was actually recorded in the register’s office of the district where the defendant’s deed was also recorded. And although there is no law requiring it to be so recorded, yet it was calculated to give it publicity, and strengthens the evidence before given, that he must have known of its existence.
The fact also of his calling upon the plaintiff, immediately after his purchase, is conclusive of the fact.
I am satisfied therefore that a new trial ought to be granted.
Justices Richardson, Huger and Johnson, concurred.